FILED

14 JAN 16 PM 2:54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

06
DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES FUENTES-JARDON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NOS. 12-CV-2443-BEN/<br>12-CR-1564-BEN-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Criminal Docket Nos. 26, 28, 31/Civil Docket No. 1, 2] |

Before this Court are a series of Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed by Petitioner Andres Fuentes-Jardon. (Docket Nos. 26, 28, 31). For the reasons stated below, Petitioner's Motions are **DENIED.**

**I. Background**

Petitioner, a Mexican citizen, was discovered by a Border Patrol Agent inside the United States on April 1, 2012. (Plea Ag. ¶ I). Petitioner did not have permission from the Attorney General, or his designated successor, the Secretary of the Department of Homeland Security, to be in the United States. (*Id.*) Petitioner had a prior felony conviction for robbery, and had been deported from the United States on November 17, 2010. (*Id.* ¶ 2(B)). Petitioner was arraigned on an Information charging him with a violation of 8 U.S.C. § 1326 on April 24, 2012. (Docket No. 7).

Petitioner signed a plea agreement with the Government on May 9, 2012. (Plea Ag. at 12). Petitioner agreed to plead guilty to the Information. (*Id.* ¶ I). The parties agreed to reduction in his offense level for acceptance of responsibility and acceptance of a fast-track plea agreement. (*Id.* ¶ X). The Government also agreed to recommend that Petitioner be sentenced to the low end of the sentencing guidelines. (*Id.* ¶ X(F)).

Petitioner entered a plea of guilty before Magistrate Judge Ruben B. Brooks on May 31, 2012, and the plea was accepted by this Court on June 22, 2012. On September 4, 2012, this Court sentenced Petitioner to 37 months in custody. On October 5, 2012, Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docket No. 26). He submitted supplemental § 2255 motions on November 5, 2012 and March 11, 2013. (Docket Nos. 28, 31).

In his original Motion, Petitioner asks that this Court reduce his sentence because his deportable alien status prevents him from being housed at certain facilities, and because his alien status deprives him of certain benefits and privileges. (Mot.) In his November 5, 2012 motion, Petitioner asks that this Court modify his sentence because his daughters need him, he came to the United States because they are U.S. citizens, and he does not want to deny their rights by taking them to Mexico. (Am. Mot.) In his March 11, 2013 motion, Petitioner argues that he was improperly sentenced because it was a civil case, and because the guidelines calculations improperly considered a conviction more than ten years old. (Second Am. Motion at 5). Petitioner also asserted in his second amended motion that his attorney should have paid attention to the fact that the prior case was more than 12 years old. (*Id.*) Finally, the second amended motion argues that his sentence was "too long." (*Id.*) Although Petitioner's argument is difficult to read, he appears to base this on his earlier arguments and the fact that the sentencing table is not mandatory. (*Id.*)

**II. Legal Standard**

A district court may "vacate, set aside or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. 28

U.S.C. § 2255(a). A district court must hold an evidentiary hearing before denying a § 2255 motion, unless it is conclusively shown that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b). However, if it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## III. Discussion

### A. Petitioner Waived His Right to Collateral Attack

Review of the record in this matter reveals that most of Petitioner's claims are barred by his valid waiver of his collateral attack rights.

As part of the plea agreement, Petitioner agreed to waive his right to collaterally attack his sentence. (Plea Ag. ¶ XI). The Ninth Circuit has upheld the validity of waivers of the right to collateral attack a sentence pursuant to § 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). Waivers in plea bargaining are "an important component of this country's criminal justice system." *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (citation omitted) (in the context of a waiver of right to appeal). The Ninth Circuit has held that public policy strongly supports plea agreements. *Id.* Plea bargaining saves the state time and money, allowing it to promptly impose punishment without expending resources. *Id.* at 322 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 n.3 (1987)). Additionally, and "perhaps the most important benefit of plea bargaining, is the finality that results." *Id.* at 322.

The right of collateral attack in a criminal case is purely statutory. *Abarca*, 985 F.2d at 1014. A waiver of the right to collateral attack will be upheld where it was "knowing and voluntary." *Id.* A knowing and voluntary waiver is enforceable where the language of the waiver encompasses the grounds raised. *See Patterson-Romo v. United States*, No. 10-cr-3319, No. 12-cv-1343, 2012 WL 2060872, at *1 (S.D. Cal. June 7, 2012); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation

omitted) (discussing the right to appeal).

### 1. Knowing and Voluntary

The waiver of a statutory right to challenge a conviction or sentence is knowing and voluntary if the plea agreement as a whole was knowing and voluntary. *See United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005) (discussing the right to appeal) (overruled on other grounds); *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) ("waivers of appeal must stand or fall with the agreement of which they are a part") (internal quotations and citations omitted). A waiver will be considered knowing and voluntary where the plea colloquy satisfies Rule 11, and the record reveals no misrepresentation or gross mischaracterization by counsel that tainted the plea. *See United States v. Sepulveda-Iribe,* 197 Fed. Appx. 592, 592 (9th Cir. 2006) (citing *Jeronimo*, 398 F.3d at 1157 n.5) (discussing right to appeal). After a careful review of the written plea agreement, the Rule 11 plea colloquy, and the entire record in this matter, this Court finds that the plea and the waiver were knowing and voluntary.

#### a. Review of the Record

The plea agreement conferred significant benefits on Petitioner. Although he faced a maximum sentence of 20 years for his offense, the agreement lead the Government to recommend a 37-month sentence which this Court ultimately agreed to impose. (Plea Ag. ¶¶ III, X).

In the agreement, Petitioner agreed to a paragraph entitled "Defendant Waives Appeal and Collateral Attack." (*Id.* ¶ XI). In relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the fullest extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

(*Id.*) This Court did not impose a custodial sentence above the high end of the guideline range.

By signing the plea agreement, Petitioner agreed to a section entitled "Defendant's Representation That Guilty Plea is Knowing and Voluntary." (Plea Ag. ¶ VI). Among other things, the section stated that: (A) he had full opportunity to discuss all the facts and circumstances of the case with counsel and had a clear understanding of the charges and consequences of the plea, (B) no one had made any promises or offered any rewards for pleading guilty except for those in the agreement or disclosed to the court, (C) that no one threatened Petitioner or his family, and (D) that Petitioner was pleading guilty only because he was guilty. (*Id.*) Petitioner also certified that he had read the agreement or had it read to him in his native language, had discussed the terms with defense counsel, and "fully understands its meaning and effect." (*Id.* ¶ XV). He further asserted that he had consulted with counsel and was satisfied with counsel's representation. (*Id.* ¶ XVI). Petitioner signed the agreement, and initialed every page.

The Court also reviewed the transcript of Petitioner's Change of Plea Hearing before Magistrate Judge Ruben B. Brooks. (Change of Plea Hearing Tr.) Petitioner appeared with the assistance of counsel and an interpreter. Petitioner was informed about the rights he was giving up by pleading guilty, and stated that he understood. (*Id.* at 3:22-4:21). The Magistrate Judge explained, and Petitioner stated that he understood, the charge, (*id.* at 4:25-5:18), the maximum penalties, (*id.* at 5:20-7:1), the likely deportation consequences, (*id.* at 7:18-8:2), and the role of the sentencing guidelines, (*id.* at 8:4-14). He stated that he had discussed the guidelines with his attorney. (*Id.* at 8:6-9). The Magistrate Judge also specifically inquired about the plea agreement. Petitioner stated to the Magistrate Judge that he recalled signing and initialing the agreement, that he had a chance to read it or have it translated for him, that he had a chance to go over it with his attorney, and that he had no questions about it. (*Id.* at 9:1-17). The Magistrate Judge highlighted the waiver provision, and Petitioner stated that he agreed to the provision. (*Id.* at 9:18-24). Petitioner's counsel also affirmed to the Magistrate Judge that he had discussed the agreement with Petitioner prior to the

hearing, including the waiver provision, and believed that his client understood the entire agreement. (*Id.* at 9:25-10:8). Petitioner's counsel and the Magistrate Judge stated the factual basis, and Petitioner admitted to the relevant facts. (*Id.* at 11:19-12:11). Petitioner's counsel also stated that the plea was made voluntarily and with his concurrence. (*Id.* at 12:15-17). The Magistrate Judge specifically found that his plea was "made knowingly and voluntarily, with a full understanding of the charge, your rights, and the consequences." (*Id.* at 13:8-11). The Magistrate Judge found that there was a factual basis, and recommended that this Court accept the plea. (*Id.* at 13:11-13).

Additionally, when Petitioner appeared before this Court for sentencing, he reaffirmed that he was guilty. (Sent Hearing Tr. at 2:23-25). Petitioner and his counsel both acknowledged that Petitioner had waived his right to appeal and collateral attack. (*Id.* at 4:23-25).

Since the Rule 11 colloquy was proper, the waiver will be considered proper if there is no misrepresentation or gross mischaracterization by counsel. *See Sepulveda-Iribe,* 197 Fed. Appx. at 592.

### b. *Petitioner's Allegation of Ineffective Assistance of Counsel*

In his Second Amended Motion, Petitioner appears to allege that counsel was ineffective while Petitioner was considering the agreement. (Second Am. Mot. at 5). Petitioner states that his lawyer did not try to help him, and entrapped him into agreeing to the plea. (*Id.*)

Petitioner's only "supporting facts" for this allegation are that if the lawyer paid any attention to the case, he would have noticed that Petitioner's prior case was more than 12 years old, and would have changed the guideline calculations. (*Id.*) However, review of the plea agreement indicates that the agreement itself did not agree to any adjustment or increase in the offense level with regard to prior convictions, and did not agree on criminal history. Petitioner's prior convictions were considered at sentencing, but Petitioner's claim that counsel should have done something about the impact of the old conviction does not affect the plea agreement. Even if Petitioner were correct on

the merits of his claim regarding the prior conviction, which he is not, as discussed below, any failure of counsel would not relate to the plea agreement.

Although Petitioner generally alleges that he was not helped and that he was entrapped into signing, he provides no supporting factual allegations for this claim. There is no allegation that anything pertaining to the plea agreement or its consequences was mischaracterized or misrepresented to him, that any threats were made, or even that counsel improperly recommended a plea agreement that did not benefit Petitioner. Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). As such, Petitioner fails to make a claim of ineffective assistance of counsel that calls the voluntariness of his waiver into question.

### c. Conclusion

After full consideration of the briefing and the record in this matter, this Court concludes that the waiver of collateral attack rights was knowing and voluntary.

### 2. Scope of the Waiver

Petitioner's claims are waived if they come within the scope of the provision. Plea agreements are contractual in nature and are measured by contractual standards. *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.), *cert. denied*, 531 U.S. 1057 (2000). In interpreting a plea agreement, a court looks to what the parties reasonably understood to be the terms of the agreement. *See United States v. Torres*, 999 F.2d 376, 378 (9th Cir. 1993) (citation omitted).

The waiver at issue is broad, and purports to cover all collateral attacks related to the guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. As such, it covers Petitioner's challenges to the sentence imposed by this Court, including claims that his sentence should have been shorter because he is a deportable alien, that it should be modified because he has to take care of his family and came to the United States to see them, that his prior conviction was improperly considered, that his conviction was a civil matter, and that his sentence was "too long."

### 3. Conclusion

Petitioner's waiver of his right to collaterally attack his sentence pursuant to § 2255 was knowing and voluntary, and the scope of waiver provision encompasses most of his claims. However, the waiver provision excludes claims of ineffective assistance of counsel. As such, it does not cover Petitioner's claim that counsel was ineffective in addressing the prior conviction. This claim must be addressed on its merits.

### B. Petitioner's Claim of Ineffective Assistance of Counsel

Petitioner's claim of ineffective assistance of counsel was raised in his third motion. Although difficult to read at times, Petitioner accuses counsel of not trying to help him, and attempting to entrap him into agreeing to a plea. (Second Am. Mot. at 5). The sufficiency of his claim with respect to the guilty plea and plea agreement is discussed above.

Petitioner also argues that if his counsel had paid attention to the case, he would have noticed that one of his prior convictions is more than 12 years old, and would have changed the calculation of the sentencing guideline range. (*Id.*).

Petitioner appears to be referring to the way that one of his prior convictions was considered in calculating the sentencing guidelines. (*See* Second Am. Mot. at 2). However, although Petitioner *committed* the propr crime more than 10 years before committing the federal offense that brought him before this Court, Petitioner was not *convicted* of that offense until May 28, 2003, which was within ten years of the federal offense. (Pre-Sentence Report). The sentencing guidelines take into account "sentences imposed within 10 years" of the commission of the instant offense. U.S.S.G. § 4A1.2(e)(2). As the sentence was imposed within 10 years of the commission of the § 1326 violation, it was appropriate to consider the conviction in the guidelines calculations.

As it was proper for the Court to consider the conviction in question in calculating the sentencing guidelines range, it was not ineffective for counsel to fail to

raise a meritless objection. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir. 2008) (trial counsel is not ineffective for failing to raise a meritless objection).

To the extent Petitioner sought to generally allege that counsel failed to help Petitioner in other ways, this allegation alone does not provide sufficient factual support to warrant habeas relief. *See James*, 24 F.3d at 26.

### C. Petitioner Fails to State a Claim Based on the Privileges and Benefits Denied to Him by His Alien Status

As discussed above, Petitioner's claim is waived.

To the extent that Petitioner also seeks to challenge the manner, location, or conditions of the sentence's execution, such claims generally must be brought pursuant to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

### D. Petitioner Fails to State a Claim Based on His Family Situation

Petitioner has waived his claim that this Court should have imposed a lower sentence. However, this claim would fail even if the waiver were invalid.

Petitioner's comments regarding his family situation do not suggest that there is any legal reason why his sentence is improper. A petitioner's request for a reduction in sentence based on his family situation is not a ground for habeas relief in a § 2255 motion. *Infante-Razo v. United States*, CV-F-05-1449, CR-F-05-166, 2008 WL 2704987, at *2 (E.D. Cal. July 10, 2008). This Court also heard Petitioner's request that this Court consider his family situation at sentencing, and considered it in imposing the sentence that this Court found to be appropriate. (Sent Hearing Tr. at 2:23-3:25; 4:8-10).

### E. Petitioner Was Sentenced For a Criminal Offense

Petitioner's waiver of his collateral attack rights precludes his claim that he was improperly sentenced for a civil matter. (*See* Second Am. Mot. at 4,5). However, his claim also fails on the merits. Violation of 8 U.S.C. § 1326 is a federal crime, and not a civil matter. Indeed, as Petitioner had a prior aggravated felony, the statute explicitly authorized "criminal penalties," including a fine and up to 20 years in prison. 8 U.S.C.

§ 1326(b).

### F. Petitioner Fails to State a Claim Based on His Contention That the Sentence Was "Too Long"

Petitioner's claim that his sentence was too long is precluded by his waiver of collateral attack rights. It also fails on the merits.

In arguing that his sentence was "too long," Petitioner points to the fact that the sentencing guidelines are not mandatory. (Second Am. Mot. at 5). To the extent Petitioner is asking this Court to exercise its discretion to deviate from the recommendation of the sentencing guidelines, this Court was fully aware of its power to do so at sentencing. Although this Court calculated the sentencing guideline range, it also considered all of the sentencing factors found in 18 U.S.C. § 3553(a). (Sent. Hearing Tr. 4:1-10). The Court specifically found that 37 months, which was at the bottom of the sentencing guideline range of 37 to 46 months, was "sufficient, but not greater than necessary." (Sent. Hearing Tr. 4:7-10). The Court therefore considered whether 37 months might be greater than necessary, and determined that it was not. Although Petitioner might believe that it would be appropriate for this Court to impose a shorter sentence, this Court has already exercised its discretion in determining Petitioner's sentence. To the extent Petitioner's claim that the sentence was too long was based upon the other arguments he made in his motions, those arguments have been addressed.

### IV. Evidentiary Hearing

Unless the motion and the records of a case conclusively show that the prisoner is entitled to no relief, a court is required to grant a hearing. 28 U.S.C. § 2255(b). However, where the record demonstrates that a petitioner has failed to state a claim, a district court may deny a § 2255 motion without an evidentiary hearing. *Quan*, 789 F.2d at 715. Given the foregoing discussion, this Court finds that Petitioner cannot succeed upon his claims, and holding an evidentiary hearing or seeking additional briefing would serve no purpose.

## V. Conclusion

In accordance with the conclusions set forth above, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence are **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: January 16, 2014

HON. ROGER T. BENITEZ
United States District Judge